

**FILED & ENTERED**

**FEB 04 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Chong Sang Tak, Debtor | Case No.:   2:18-bk-13712-ER<br>Adv. No.:   2:18-ap-01217-ER |
| Celia Bryann Trujillo,<br><br>                                          Plaintiff<br><br>              v.<br><br>Chong Sang Tak,<br><br>                                          Defendant | **MEMORANDUM OF DECISION IMPOSING CASE-DISPOSITIVE SANCTIONS AGAINST DEFENDANT**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

   Defendant has failed to timely respond to the Court's *Order Requiring Defendant to Appear and Show Cause Why the Court Should Not Strike Defendant's Answer and Enter His Default, Based upon Defendant's Failure to Cooperate with Plaintiff in Scheduling Mediation* [Doc. No. 18] (the "Order to Show Cause"). Pursuant to Civil Rule 78(b)[1] and LBR 9013-1(j), this matter is suitable for disposition without oral argument. For the reasons set forth below, the Court will strike Defendant's Answer, enter Defendant's default, and vacate the February 6, 2019 hearing on the Order to Show Cause.

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

## I. Background

On January 4, 2019, the Court ordered Defendant to show cause why his failure to cooperate with the Plaintiff in complying with the Court's order directing the parties to schedule and attend mediation (the "Mediation Order") should not result in the imposition of case dispositive sanctions. In relevant part, the Order to Show Cause provided:

> Mediation is a crucial component of the adjudicative process. It enables the parties to discuss the issues raised by the litigation before a neutral arbiter who is well-qualified to assist in dispute resolution. The Court's Mediation Program allows parties to attend one day of mediation for free.
> Defendant's disregard of the Mediation Order is cause for striking Defendant's Answer and entering his default. Case-dispositive sanctions are appropriate where, as here, Defendant's bad-faith conduct has made it impossible for Plaintiff to comply with Mediation Order. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247-48 (9th Cir. 2012) (finding case-dispositive sanctions to be appropriate where the defendant's failure to comply with his obligations in the litigation was the result of willfulness, fault, and bad faith).

Order to Show Cause at 2.

The Order to Show Cause further provided that Defendant's failure to file a written response to the Court's findings "shall be deemed consent to the striking of Defendant's Answer and the entry of default." *Id.* at 2.

## II. Findings and Conclusions

To impose case dispositive sanctions, the Court is "required to consider whether the … noncompliance involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions." *R & R Sails*, 673 F.3d at 1247 (internal citations omitted). When imposing case-dispositive sanctions, the Court must consider the following factors:

1) the public's interest in expeditious resolution of litigation;
2) the court's need to manage its docket;
3) the risk of prejudice to the party who has litigated diligently;
4) the public policy favoring the disposition of cases on their merits; and
5) the availability of less drastic sanctions.

*Moneymaker v. CoBEN (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994); *see also Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (applying the *Eisen* factors to determine whether it was appropriate for a court to strike a pleading and enter default).

There are three sub-parts to the fifth factor, the availability of less drastic sanctions: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The application of these factors is not mechanical; instead, the factors provide the Court "with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the [Court] must follow." *Id.*

As set forth below, application of the *Eisen* factors supports the imposition of terminating sanctions.

**1. Public's Interest in Expeditious Resolution of Litigation**

Mediation is a crucial component of the adjudicative process. It enables the parties to discuss the matters at issue in confidence before a well-qualified neutral arbiter. Such discussion frequently produces a settlement or narrows the issues in dispute. By preventing mediation from taking place, Defendant has impeded the expeditious resolution of this action. As the Ninth Circuit has explained, "[t]he public's interest in expeditious resolution of litigation always favors" the imposition of sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). This factor favors the imposition of terminating sanctions.

**2. The Court's Need to Manage its Docket**

Courts have the "power to manage their dockets without being subject to the endless vexatious noncompliance of litigants …." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992). As discussed above, Defendant's failure to comply with the Mediation Order has impeded the expeditious resolution of this action, and has consequently placed additional burden upon the Court's docket. This factor favors the imposition of terminating sanctions.

**3. The Risk of Prejudice to the Diligent Party**

A diligent party suffers prejudice if the noncompliant party's actions impair the diligent party's "ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).

Defendant's failure to attend mediation has interfered with the rightful decision of the case. As stated above, mediation is a crucial component of the adjudicative process, providing the parties an opportunity to narrow the issues in dispute so that trial can focus on the essential aspects of the case. Defendant's failure to attend mediation has therefore prejudiced Plaintiff. This factor weighs in favor of the imposition of terminating sanctions.

**4. The Public Policy Favoring the Disposition of Cases on Their Merits**

Normally, "the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re PPA Prods.*, 460 F.3d at 1228. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.* This factor therefore "lends little support" to a party "whose conduct impedes progress in that direction." *Id.* (citations and quotations omitted). In other words, parties have a responsibility "to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).

In an effort to comply with the Mediation Order, Plaintiff attempted to contact Defendant by e-mail, telephone, and written correspondence. Defendant failed to respond to any of these attempts at communication. Defendant has failed to respond to the Order to Show Cause, notwithstanding the Court's statement that failure to respond would be deemed to constitute consent to the striking of Defendant's Answer and the entry of default. Because Defendant has failed to respond to Plaintiff and has failed to respond to the Order to Show Cause, this factor weighs in favor of the imposition of terminating sanctions.

**5. The Availability of Less Drastic Sanctions**

The Court finds that less drastic sanctions would not adequately remediate Defendant's non-compliance. The Court warned Defendant that his failure to respond to the Order to Show Cause

would be deemed consent to the imposition of case-dispositive sanctions. Notwithstanding this warning, Defendant did not respond to the Order to Show Cause. *See Connecticut Gen. Life Ins. Co.*, 482 F.3d 1091, 1096 (9th Cir. 2007) (holding that this factor requires the Court to consider whether it warned the recalcitrant party about the possibility of case-dispositive sanctions). The Court further notes that in addition to failing to communicate with Plaintiff with respect to the Mediation Order and failing to respond to the Order to Show Cause, Defendant failed to cooperate with Plaintiff in the preparation of a Joint Status Report for the initial Status Conference. The Court finds Defendant's failure to communicate with the Plaintiff and failure to respond to the Order to Show Cause to be willful and in bad faith. This factor weighs in favor of the imposition of terminating sanctions.

### III. Conclusion

Based upon the foregoing, the Court will strike Defendant's Answer, enter Defendant's default, and vacate the February 6, 2019 hearing on the Order to Show Cause. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: February 4, 2019

Ernest M. Robles
United States Bankruptcy Judge